UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEITH HENDERSON,                                             CIVIL NO. 04-3837 (DWF/JSM)

      Plaintiff,
v.                                                                           REPORT AND RECOMMENDATION

SUE DOSAL, MARK THOMPSON
LYNN LAHD,

      Defendants.

JANIE S. MAYERON, United States Magistrate Judge

    This matter is before the undersigned Magistrate Judge of the District Court on defendants' Motion to Dismiss [Docket No. 17].

    The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).  For the reasons discussed below, the Court recommends that defendants' Motion to Dismiss [Docket No. 17] be GRANTED and this action be DISMISSED with prejudice.

**I.     BACKGROUND**

    Plaintiff Keith Henderson ("Henderson") is an African-American male who is currently an inmate at the Minnesota Correctional Facility at Stillwater.  Compl. "Parties" A, "Statement of Claim" ¶ 1.  Henderson was indicted for first-degree murder in 1998 by a grand jury in the Fourth Judicial District, and in 1999 was convicted of this charge and sentenced to life imprisonment.  See State v. Henderson, 620 N.W.2d 688, 692 (Minn. 2001); see also Henderson v. State, 675 N.W.2d 318 (Minn. 2004) (affirming the denial of Henderson's petition for post-conviction relief).

Henderson brought a 42 U.S.C. § 1983 claim against Sue Dosal, the Minnesota State Court Administrator, Mark Thompson, the Court Administrator for the Fourth Judicial District, and Lynn Lahd, the Jury Division Supervisor for the Fourth Judicial District (collectively "defendants"), in their official capacities, alleging that he was indicted on a charge of first-degree murder when defendants impaneled an improper grand jury in violation of the Equal Protection Clause of the Fourteenth Amendment. Compl. "Parties" A, "Statement of Claim" ¶¶ 2, 3.

Henderson challenged the juror qualification questionnaire in the Fourth Judicial District, arguing that it uses an "impermissible 'race' factor." Compl. "Statement of Claim" ¶ 4. Henderson alleged that the use of questionnaire, which requests that the summoned prospective juror identify his race, violates the equal protection of African-Americans by causing them to be disproportionately underrepresented on grand and petit juries. Compl. "Statement of Claim" ¶ 5. Henderson further alleged that he has a "strong reason to believe that members of the African-American community, in comparison to the total population of such persons in Hennepin County, were accordingly, disproportionately underrepresented in the grand jury body that indicted him." Compl. "Statement of Claim" ¶ 6.

Henderson requested declaratory and injunctive relief and an order granting class certification for prospective and absent members. Compl. "Relief" A-D. More specifically, as to injunctive relief, Henderson sought the following against defendants Sue Dosal and Mark Thompson: that they immediately stop the use of the current race-based juror selection process; that they discontinue the use of any grand or petit jury bodies formed and tainted under the discriminative scheme; and that they discontinue the practice of purposely excluding competent African-Americans and other minority

groups from enjoying their constitutional right to participate in state-wide grand juror or petit jury service. Compl. "Relief" A. Henderson also sought an injunction against Lahd, ordering her to produce all statistical public data or records maintained by the Hennepin County Jury Manager's Office that detail the racial and gender of jurors who have served on grand or petit juries. Compl. "Relief" B. Henderson further sought a declaratory judgment stating that: "[t]he 'systematic exclusion' of African-Americans and/or other minority groups from the Minnesota state jury system, violates such citizens Equal Protection rights under the 14th Amendment of the United States Constitution and constitutes an Equal Protection violation under federal law"; "[t]he State of Minnesota's willful failure to eliminate the federally prohibited 'race' factor from its state-wide jury selection process denies to African-Americans and other minority citizens the equal protection of the laws and constitutes an 'unjustifiable' violation of the 14th Amendment to the United States Constitution"; "'[t]hat under the Constitutional government of the United States, African-American and other minority groups are non-discretionally entitled to full protection under the laws; and "that Ms. Sue Dosal, State Court Administrator, . . . 'knowingly' . . . acted in facilitation of the discriminative scheme constituting the equal protection violation of African-American and other minority citizens rights under federal law." Compl. "Relief" C.

Defendants filed a Motion to Dismiss in which they argued that Henderson's Complaint fails for lack of subject matter jurisdiction because as a convicted felon serving a life sentence, he is not eligible to serve on a grand jury and therefore, lacks standing to assert a potential juror's equal protection challenge to the juror selection process. Further, defendants argued that, to the extent Henderson challenges the grand jury that indicted him in 1998, his complaint fails to state a claim upon which relief

3

can be granted because Heck v. Humphrey, 152 U.S. 477, 114 S. Ct. 2364 (1994) bars a prisoner from bringing a section 1983 claim that necessarily implies the invalidity of his conviction.

After defendants' Motion to Dismiss was filed, this Court issued an Order dated March 11, 2005, which stated that Henderson had until March 24, 2005 to serve and file a Response to Defendants' Motion to Dismiss. [Docket No. 20]. To date, Henderson has not filed response to defendants' Motion to Dismiss.

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss for Failure to State a Claim

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts must view the complaint in the light most favorable to the non-moving party and may dismiss the complaint only if no relief can be granted under any set of facts that could be proven consistently with the complaint's allegations. Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers). However, "the court need not accept, as true, wholly conclusory allegations, or unwarranted factual inferences. Moreover, in treating the factual allegations of a complaint as true, the court does not, however, blindly accept the legal conclusions drawn by the pleader from the facts." Helleloid v. Indep. Sch. Dist. Number 361, 149 F.Supp.2d 863, 867 (D. Minn. 2001). To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims." DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss. However, this does not mean that only the Complaint itself may be reviewed. As the Court noted in Porous Media Corp. v. Pall Corp., 186F.3d 1077, 1079 (8th Cir.1999):

> When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir.), cert. denied, __U.S.__, No. 98-1848, 1999 WL 319349 (U.S. June 24, 1999), as well as materials that are 'necessarily embraced by the pleadings.' Piper Jaffray Cos. v. National Union Fire Ins. Co., 967 F. Supp. 1146, 1152 (D. Minn. 1997). See also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 199 (1990)(court may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint').

### B.     Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[I]f a plaintiff lacks standing, [a] district court has no subject matter jurisdiction. Therefore, a standing argument implicates Rule 12(b)(1)." See Faibisch v. Univ. of Minnesota, 304 F.3d 797, 801 (8th Cir. 2002). Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and the

5

non-moving party does not benefit from the safeguards of 12(b)(6).  See Titus, 4 F.3d 590 at 593; Osborn, 918 F.2d at 729 n.6.  "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Osborn, 918 F.2d at 730 citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

In a facial challenge to jurisdiction, the court restricts its review to the pleadings and affords the non-moving party the same protections that it would receive under a Rule 12(b)(6) motion to dismiss.  See Osborn, 918 F.2d at 729 n. 6.  The court presumes that all of the factual allegations in the complaint concerning jurisdiction are true and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject matter jurisdiction.  See Titus, 4 F.3d at 593 (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731-32 (11th Cir. 1982)); Osborn, 918 F.2d at 729 n.6.

Here, defendants have presented a facial challenge to jurisdiction because they have not presented facts outside the pleadings for the Court to consider in connection with this motion.

### III.  DISCUSSION

Defendants argued that Henderson lacks standing to bring a prospective § 1983 challenge to the grand juror selection process in the Fourth Judicial District because he is ineligible to serve as a juror in Minnesota state courts unless his civil rights are restored.  Defendants further argued that because Henderson is disqualified from grand jury service, he suffers no injury in fact from the alleged systematic exclusion of African-

6

Americans from grand jury service. In this regard, defendants asserted that the claimed denial of equal consideration for grand jury service cannot cause any actual or threatened injury to Henderson because he is not a potential juror and his requested declaratory and injunctive relief regarding the grand juror selection process in the Fourth Judicial District could not alter his prospects for serving as a juror because he would remain disqualified from jury service due to his felony conviction.

To have standing, a plaintiff must show an actual or threatened injury-in-fact which is fairly traceable to the challenged action and is likely to be redressed by a favorable court decision. Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472-73, 102 S.Ct. 752, 758-59 (1982); Ben Oehrleins and Sons and Daughter, Inc. v. Hennepin County, 115 F.3d 1372, 1378 (8th Cir. 1997). The "injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." Sierra Club v. Morton, 405 U.S. 727, 734-35, 92 S.Ct. 1361, 1366 (1972). Henderson bears the burden of alleging facts that demonstrate his standing. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 608 (1990).

According to Minn. Gen. R. Prac. Rule 808(b)(6), to be qualified to serve as a juror, the prospective juror must be "[a] person who has had their civil rights restored if they have been convicted of a felony." Minn. Gen. R. Prac., Rule 808(b)(6).

In this case, Henderson was convicted of first-degree murder, a felony, and is currently serving a life sentence. See Henderson, 620 N.W.2d at 692; see also Henderson, 675 N.W.2d at 320 (Minn. 2004). As such, Henderson is not allowed to serve as a juror in Minnesota state courts unless or until his civil rights are restored. See Minn. Gen. R. Prac., Rule 808(b)(6). Consequently, Henderson cannot suffer any

7

injury-in-fact from the alleged systematic exclusion of African-Americans from grand jury service because he is disqualified from service.  Further, Henderson's claimed denial of equal consideration for grand jury service cannot cause any actual or threatened injury to him because he is not a potential juror.  Moreover, Henderson's requested declaratory and injunctive relief regarding the grand juror selection process in the Fourth Judicial District could not alter his prospects for serving as a juror because he would remain disqualified from jury service due to his felony conviction.  Therefore, Henderson lacks standing to assert a potential juror's equal protection challenge to the grand juror selection process in the Fourth Judicial District because he is not a potential juror and he could not benefit from relief that would change the selection process to prevent alleged discrimination against potential jurors.

For all of these reasons, this Court recommends that defendants' motion to dismiss be granted.[1]

---

[1] Defendants also argued that to the extent that Henderson alleged an equal protection challenge to the grand jury that indicted him, the complaint fails to state a cognizable claim under § 1983 due to the rule established in Heck.  Defendants argued that to grant Henderson any relief based on an equal protection challenge to the grand jury that indicted him would necessarily demonstrate the invalidity of his conviction because an equal protection violation in the selection of a grand jury requires reversal of the conviction of the indicted criminal defendant.  While this Court does not read Henderson's Complaint to seek to invalidate his own conviction, the Court will briefly address defendants' argument.

"In Heck, the Supreme Court held that if a judgment favorable to a prisoner in a § 1983 action would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a § 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ." Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) (citing Heck, 152 U.S. at 486-87.  Further, the Supreme Court "has recognized that a criminal defendant's right to equal protection of the laws has been denied when he is indicted by a grand jury from which members of a racial group purposefully have been excluded. . . . [and] has reversed the conviction and ordered the indictment

## IV.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.     Defendants' Motion to Dismiss [Docket No. 17] be **GRANTED**.

2.     This action be **DISMISSED WITH PREJUDICE**.


Dated:     December 5, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 23, 2005** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

quashed in such cases without inquiry into whether the defendant was prejudiced in fact by the discrimination at the grand jury stage." Rose v. Mitchell, 443 U.S. 545, 556, 99 S.Ct. 2993, 3000 (1979) (citing Neal v. Delaware, 103 U.S. 370, 394 (1881).

In this case, the relief sought by Henderson's equal protection challenge to the grand jury that indicted him would invalidate his state conviction.  As no state court has reversed his conviction, nor has it been expunged, declared invalid, or called into question by a federal habeas writ, this Court cannot entertain a § 1983 action by Henderson challenging the grand jury that indicted him.  Therefore, if Henderson were seeking by this action to invalidate his own conviction, the Court could not have granted Henderson this relief.